UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
JOSE CASTRO, on behalf of himself and all others similarly situated,

                              Plaintiff,

    v.

TCA LOGISTICS CORP. and THOMAS ELETTO,

                              Defendants.

-------------------------------------------------------------- X

No. 20 Civ. 2004

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. This is an action brought on behalf of individuals who are current and former delivery drivers of Defendant TCA Logistics Corp. ("TCA"), which is owned and operated by Defendant Thomas Eletto ("Eletto") (collectively, "Defendants"), challenging the unlawful misclassification of them as independent contractors instead of employees under the New York Labor Law ("NYLL") § 862, *et seq.* ("New York Fair Play Act").  Plaintiff Jose Castro asserts claims on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), alleging that Defendants violated the NYLL by failing to pay overtime and minimum wages, deducting from its employees' wages, forcing its employees to bear the burden of Defendants' business expenses, and failing to provide accurate wage notice and statements.

### JURISDICTION AND VENUE

2. The Eastern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the value of claims at issue exceed $75,000.

1

3. Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (c), because Defendants conducts business in New York and are subject to personal jurisdiction in this District.

## PARTIES

*Plaintiff Jose Castro*

4. Plaintiff Jose Castro is an adult resident of Waterbury, Connecticut.

5. From approximately 2015 to April 2019, Castro delivered commercial goods for Defendants and their client, Mattress Firm. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b.

6. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 190(2).

7. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 651(5).

*Defendant TCA Logistics Corp.*

8. TCA is a domestic business corporation, authorized to do business pursuant to the laws of the State of New York.

9. TCA is headquartered in Locust Valley, New York, in the County of Nassau.

10. TCA conducts business through distribution facilities in New York and makes deliveries in New York and other East Coast states.

11. TCA is an "employer" as that term is defined under N.Y. Lab. Law § 862-a(6).

12. TCA is an "employer" as that term is defined under N.Y. Lab. Law § 190(3).

13. TCA is an "employer" as that term is defined under N.Y. Lab. Law § 651(6).

14. Upon information and belief, Defendant TCA maintains control, oversight, and direction over its operations and employment practices.

15. At all relevant times, TCA employed employees.

16. At all relevant times, TCA maintained control, oversight, and direction over Plaintiff and similarly situated individuals, including timekeeping, payroll and other employment practices that applied to them.

*Defendant Thomas Eletto*

17. Upon information and belief, Eletto owns and operates TCA.

18. Upon information and belief, Eletto founded TCA in or about 2014.

19. Upon information and belief, Eletto is the President of TCA.

20. Upon information and belief, Eletto is a shareholder of TCA.

21. Upon information and belief, Eletto is a corporate officer of TCA.

22. Upon information and belief, Eletto is the Chief Executive Officer of TCA.

23. TCA holds Eletto out as the Chief Executive Officer.

24. Upon information and belief, Eletto has the authority over personnel decisions for TCA.

25. Eletto has the power to make binding decisions for TCA.

26. Eletto has worked in the trucking industry for approximately 20 or more years, including as the Operations Manager for Joseph Eletto Transfer Inc.

27. Eletto is an "employer" as that term is defined under N.Y. Lab. Law § 190(3).

28. Eletto is an "employer" as that term is defined under N.Y. Lab. Law § 651(6).

## FACTS

*Defendants Misclassified Plaintiff and Other Drivers*

29. TCA's business consists of delivering commercial goods throughout the East Coast, including in New York (where TCA is headquartered).

30. According to the LinkedIn profile of Eletto, TCA's President: "Final Mile & White Glove Delivery and Installation are TCA core business components with value added services such as Line Haul, Pick up & Delivery, Warehousing and Time Critical Shipments. TCA currently operates along the East Coast with operations from Boston to Miami."

31. TCA is a commercial goods transportation contractor as that term is defined under the Fair Play Act because they compensate licensed drivers such as Plaintiff and others to transport commercial goods in New York.

32. On information and belief, TCA also compensates individuals who they designate as employees to perform transportation of commercial goods in New York, and to oversee the transportation of commercial goods within New York.

33. TCA and its affiliates operate out of terminals in New York, including a warehouse in Hauppauge, New York where Plaintiff worked.

34. TCA has employed numerous individuals in New York since March 20, 2014 to deliver commercial goods in New York.

35. Plaintiff and other drivers deliver commercial goods for TCA pursuant to TCA's contractual obligations to its clients. For example, throughout Plaintiff's tenure with TCA he was required to deliver mattresses and related goods for TCA's client, Mattress Firm.

36. Plaintiff and other individuals who perform this work are required to sign so-called "Independent Driver Agreements" with TCA that purport to classify them as independent contractors.

37. The terms and conditions of each delivery driver's agreement are the same in all material respects.

38. The agreements are adhesion contracts drafted exclusively by Defendants. Defendants do not negotiate the material terms of these agreements with the delivery drivers, who are required to sign the agreements on a "take-it-or-leave-it" basis. The agreements purport to classify the delivery drivers as "independent contractors," even though they are employees pursuant to the Fair Play Act.

39. Through these agreements and other policies, Defendants had the right to control, and in fact exercise substantial control over the work performed by delivery drivers.

40. The control retained and exercised by TCA includes, but is not limited to, the fact that TCA:

   a. Employ managers who have supervisory and disciplinary authority over the delivery drivers.

   b. Has a policy or practice of unilaterally deducting fees from its delivery drivers' wages for alleged damages to customers' homes or work equipment.

   c. Requires its delivery drivers to wear uniforms with TCA's name on it and to dress in a neat and professional manner.

   d. Requires delivery drivers to wear an I.D. badge.

   e. Require delivery drivers to request and receive permission before taking time off from work.

   f. Assigns delivery drivers their work and provides them paper manifests indicating their assignments.

   g. Requires delivery drivers to use a handheld scanner or electronic application to scan delivery paperwork.

41. Delivery drivers and TCA are engaged in the same usual course of business: the delivery of commercial goods.

42. Delivery drivers are not customarily engaged in an independently established trade, occupation, profession, or business of the same nature as the services they provide to Defendants. Based on all the hours that Defendants required Plaintiff to spend making deliveries and servicing their clients, there was little or no time left for Plaintiff to make deliveries for any other company besides Defendants.

43. Plaintiff and other drivers are not "separate business entities" as that term is defined in the Fair Play Act.

***Defendants Failed to Pay Plaintiff and Other Drivers in Accordance with the NYLL***

44. Plaintiff and other delivery drivers regularly worked over 40 hours per week.

45. Plaintiff and other delivery drivers worked five or six 12-hour days each week. Plaintiff's shift typically began at 5:30am. Therefore, Plaintiff worked approximately 60 to 70 hours per week.

46. This work mainly consists of loading Defendants' trucks at a warehouse and delivering (and sometimes installing) commercial goods for customers of TCA's clients.

47. Plaintiff and other delivery drivers classified as independent contractors were paid a lump-sum per day to perform their work for Defendants.[1]

---

[1] As a general rule, Defendants did not reimburse Plaintiff and other delivery drivers for any work-related expenses. Occasionally, when drivers were assigned longer trips they were paid an extra $50.

48. Although Plaintiff and other delivery drivers were paid lump sum wages for their work, their actual earnings were significantly less than these lump sums due to forced payroll deductions by Defendants and unreimbursed work-related expenses.

49. For example, Plaintiff was typically paid a lump sum of $475 per day. However, after accounting for payroll deductions (e.g., a "truck rental fee") and unreimbursed expenses (e.g., gasoline and tolls) he typically made approximately $600 to $700 per week.

50. Plaintiff drove a truck that was owned or leased by TCA to perform his work. TCA deducted approximately $600 from Plaintiff's pay each week as a "truck rental fee."

51. Given that Plaintiff's effectively hourly rate was approximately $10 per hour (i.e., $600 to $700 of pay per week for 60 to 70 hours of work) after accounting for required kickbacks to TCA, he was paid less than the minimum wage in New York State.

52. On information and belief, TCA similarly deducted money from the wages of other delivery drivers each week to pay for various of TCA business expenses and failed to reimburse delivery drivers for significant work expenses.

53. Because Defendants paid him the same weekly salary, even though he regularly worked over 40 hours a week, Defendants failed to pay Plaintiff one and one-half times his regular rate for those hours he worked over 40.

***Defendants Failed to Provide Accurate Wage Notice and Statements***

54. Defendants did not provide Plaintiff and other drivers with an accurate wage notices at the time of hiring, as required by the NYLL.

55. Defendants did not provide Plaintiff and other drivers with an accurate wage statement with each week's pay.

56. Defendants failed to list the hours worked on their payroll statements.

*Defendants' Violations of the NYLL Were Not Good-Faith Mistakes*

57. Defendants' misclassification of TCA's delivery drivers as independent contractors and related violations of New York law were willful and undertaken in bad faith.

58. Defendants lacked a good faith basis to believe the following complied with the NYLL: (a) Defendants' failure to pay Plaintiff overtime wages; (b) Defendants' failure to pay Plaintiff the minimum wage; and (c) Defendants' deductions from Plaintiff's wages.

59. Defendants knew or should have known that their classification and wage-payment policies violated the NYLL given Eletto's experience in the trucking industry, which includes a high-level position at a company, Joseph Eletto Transfer Inc., that had been sued repeatedly for the same kind of misclassification and wage-payment schemes alleged here.

## CLASS ACTION ALLEGATIONS

60. Plaintiff brings this action under Rule 23 on behalf of all individuals who, either individually or through a corporate entity, personally delivered TCA's clients' products in New York who Defendants classified as independent contractors at any time since March 20, 2014.

61. The members of the class are so numerous that joinder of all of them is impracticable, and treatment of a class action is the superior method to adjudicate the class members' claims. Upon information and belief, there are more than 40 putative class members.

62. There are issues of law and fact common to all class members because Defendants misclassified them as independent contractors rather than as employees and unlawfully deprived them of the wages and benefits accorded employees. These questions of law and fact predominate over any questions affecting only individual class members.

63. The named Plaintiff and class counsel will fairly and adequately represent the interests of the class.

## COUNT I
### N.Y. LABOR LAW § 650, et seq. – FAILURE TO PAY OVERTIME WAGES
### (INDIVIDUAL AND CLASS ACTION)

64. Plaintiff realleges all preceding allegations as if restated herein verbatim.

65. Plaintiff and other putative class members are Defendants' employees, as defined by N.Y. Lab. Law §§ 651 and 862-b.

66. Plaintiff and the members of the proposed Rule 23 class routinely worked in excess of 40 hours per workweek for Defendants.

67. Defendants failed to pay Plaintiff and the members of the proposed Rule 23 class at the rate of one-and-a-half times their regular rate of pay for all hours in excess of 40 as required by the NYLL and the supporting New York State Department of Labor regulations.

## COUNT II
### N.Y. LABOR LAW § 650, et seq. – FAILURE TO PAY MINIMUM WAGES
### (INDIVIDUAL AND CLASS ACTION)

68. Plaintiff realleges all preceding allegations as if restated herein verbatim

69. Plaintiff and other putative class members are Defendants' employees, as defined by N.Y. Lab. Law §§ 651 and 862-b.

70. Defendants failed to pay Plaintiff and the members of the proposed Rule 23 class minimum wages for all work hours, after accounting for kickbacks, deductions, and expenses, as required by the NYLL and the supporting New York State Department of Labor regulations.

## COUNT III
### N.Y LABOR LAW § 193 - UNLAWFUL WITHHOLDING AND DEDUCTIONS FROM WAGES
### (INDIVIDUAL AND CLASS ACTION)

71. Plaintiff realleges all preceding allegations as if restated herein verbatim.

72. Plaintiff and other putative class members are Defendants employees, as defined by N.Y. Lab. Law §§ 190 and 862-b.

73. Defendants routinely diverted, withheld, and deducted amounts from the wages of Plaintiff and other delivery drivers.

74. These deductions constituted a violation of N.Y. Lab. Law § 193.

## COUNT IV
### N.Y LABOR LAW § 198-B - UNLAWFUL WORK EXPENSE KICKBACKS
### (INDIVIDUAL AND CLASS ACTION)

75. Plaintiff realleges all preceding allegations as if restated herein verbatim.

76. Plaintiff and other putative class members are Defendants' employees, as defined by N.Y. Lab. Law §§ 190 and 862-b.

77. Defendants routinely required Plaintiff and other delivery drivers to "kick-back" their wages in the form of unreimbursed work-related expenses.

78. These kick-backs constitute a violation of N.Y. Lab. Law § 198-b.

## COUNT V
### N.Y. LABOR LAW § 195 - NOTICE AND RECORD-KEEPING REQUIREMENT VIOLATION
### (INDIVIDUAL AND CLASS ACTION)

79. Plaintiff realleges all preceding allegations as if restated herein verbatim.

80. Plaintiff and other putative class members are Defendants' employees, as defined by N.Y. Lab. Law §§ 190 and 862-b.

81. Defendants failed to supply Plaintiff and the putative class with a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff and other similarly situated drivers as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address of different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

82. Defendants failed to supply Plaintiff and the putative class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

83. Plaintiff and other similarly situated drivers are entitled to damages of $50 for each work day that Defendants failed to provide a wage notice, or a total of $5,00 per class member, and damages of $250 for each work day that Defendants failed to provide accurate wage statements, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this honorable Court to enter the following relief:

    a.    An Order certifying a class of all individuals who, either individually or through a corporate entity, personally deliver or have delivered Defendants' clients' products in New York pursuant to an independent contractor agreement since March 20, 2014, pursuant to Fed. R. Civ. P. 23;

    b.    An award of damages for all unpaid wages, expenditures, costs, deductions, benefits, or other losses resulting from the above-described misclassification;

    c.    Statutory liquidated damages, pursuant to the NYLL;

    d.    Interest, pursuant to the CPLR;

    e.    Attorneys' fees and costs; and

     f.     Such other legal and equitable relief as the Court deems just and proper.

Dated: Melville, New York
       May 1, 2020

                              Respectfully submitted,

                              By:   */s/ Troy L. Kessler*
                                   Troy L. Kessler

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Harold Lichten (*Pro hac vice* forthcoming)
Zach Rubin (*Pro hac vice* forthcoming)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
zrubin@llrlaw.com

*Attorneys for Plaintiff and the Putative Class*